CLD-269                                                                                       NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2332
_____

IN RE: VIRGIL RIVERS,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1:20-cv-01576)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 9, 2021

Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 15, 2021)

_____

OPINION*
_____


PER CURIAM

Petitioner Virgil Rivers, proceeding pro se, filed a petition for a writ of mandamus

requesting that we direct the District Court to act on his habeas petition.  In 2004, Rivers

was convicted by the United States District Court for the Eastern District of New York of

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

conspiracy to commit bank robbery, bank robbery, and unlawful use of a firearm. In August 2020, Rivers filed a habeas petition under 28 U.S.C. § 2241 in the Middle District of Pennsylvania.[1] The District Court ordered the United States Attorney to respond, and it did so in October 2020. Since that time, Rivers has submitted several filings, including a motion for appointment of counsel that the District Court denied in April 2021. Most recently, Rivers filed a "Petition for Supplemental to Writ of Habeas Corpus" in May 2021 and moved for an evidentiary hearing in June 2021. He filed this mandamus petition in July 2021.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although we accord district courts discretion in managing their dockets, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), we may issue a writ of mandamus where there is "undue delay" that is "tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

We discern no such failure to exercise jurisdiction here. The District Court has ordered the U.S. Attorney to answer the petition, and it has; the Court also has denied Rivers's motion for appointment of counsel. While a year has passed since Rivers

---

[1] At the time, Rivers was housed at the FCI Allenwood facility in Pennsylvania. He remains incarcerated there.

2

originally filed the petition under section 2241, the District Court has taken action in the matter, with its latest order entered in April 2021. We cannot say that the passage of four months since that time qualifies as an "undue delay," nor is the District Court's failure to fully adjudicate the petition within a year—particularly when Rivers has sought to supplement his petition as recently as May 2021—tantamount to a failure to exercise jurisdiction. See id. We are confident that the District Court will rule on the habeas petition in a timely manner.

For these reasons, we will deny the petition. The motion for appointment of counsel is denied.